# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA M. MARTINEZ, | 1:09-cv-00241-OWW-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| GWENDOLYN MITCHELL, | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on February 6, 2009. (Court Doc. 1.) It appears that Petitioner's challenges arise from a criminal conviction. Esteban Martinez, initiated the instant petition on behalf of his sister, Sylvia Martinez, and seeks "next friend status" to pursue her claims. Petitioner also seeks appointment of counsel.

Under Article III, a federal court cannot consider the merits of a legal claim unless the person seeking to invoke the jurisdiction of the court establishes the requisite standing to sue. Whitmore v. Arkansas, 495 U.S. 149, 154, 110 S.Ct. 1717 (1990). A litigant demonstrates standing by showing that he has suffered an injury in fact that is fairly traceable to the challenged action and is redressable by a favorable judicial decision.

The concept of "next friend" standing in habeas corpus proceedings is codified in 28

1

U.S.C. § 2242. Section 2242 states that "[a]n application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended *or* by someone acting in his behalf." 28 U.S.C. §2242 (emphasis added). Generally, a "next friend" appears in court on behalf of a prisoner who is unable, usually because of mental incompetence or inaccessibility, to *seek relief* for themselves. Whitmore v. Arkansas, 495 U.S. 149, 162, 110 S.Ct. 1717 (1990) (emphasis added).

In Whitmore v. Arkansas, the United States Supreme Court recognized the concept of "next friend" standing and explained that the next friend does not become a party to the action but "simply *pursues* the cause on behalf of the detained person, who remains the real party in interest." Id. "Next friend" petitions have been filed in a variety of contexts in the past, however, they have been utilized almost exclusively on behalf of capitally sentenced defendants. See, eg., Demosthenes v. Baal, 495 U.S. 731, 110 S.Ct. 2223 (1990)(*per curiam*); Lenhard v. Wolff, 443 U.S. 1306, 100 S.Ct. 3 (1979); Evans v. Bennett, 440 U.S. 1301, 99 S.Ct. 1481 (1979); Gilmore v. Utah, 429 U.S. 1012, 975 S.Ct. 436 (1976).

A person only has standing to bring a "next friend" challenge to a judgment of death in limited circumstances. Whitmore, 495 U.S. at 163-64. First, the "next friend" must provide an adequate explanation -- such as inaccessibility, mental incompetence, or other disability -- why the real party in interest cannot appear on his own behalf to prosecute the action. Id; See Brewer v. Lewis, 989 F.2d 1021, 1025-26 (9th Cir. 1993) ("next friend" must prove party to be protected is incompetent to assert his own rights); Wilson v. Dixon, 256 F.2d 536, 537 (9th Cir. 1958), *cert denied*, ("The right of one person to sue for habeas corpus to secure the release of another . . . exists only when the application or complaint for the writ sets forth 'some reason or explanation satisfactory to the court showing why the detained person does not sign and verify the complaint and who the 'next friend' is." (*quoting* United States ex rel. Bryant v. Houston, 273 F.915, 916 (2d Cir. 1921)).

Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate. Whitmore, 495 U.S. at 163-64. It has also been suggested that the "next friend" have some significant relationship with the real party in interest. Id; See, Davis

1  v. Austin, 492 F. Supp. 273, 275-76 (N.D. Ga. 1980) (minister and first cousin of prisoner denied
2  "next friend"standing).  The burden to establish the propriety of his status is on the proposed
3  "next friend."  Whitmore, 495 U.S. at 164.
4      A third requirement sometimes expressed is that the third-party applicant not be using the
5  next friend vehicle to engage in the unauthorized practice of law.  Id.; See, e.g., Groseclose ex rel.
6  Harries v. Dutton, 589 F. Supp. 362 (M.D. Tenn 1984).  Hence, a habeas petition must set forth
7  some reason or explanation for the need to resort to the use of a "next friend."  See, Weber v.
8  Garza, 570 F.2d 511, 513-14 (5th Cir. 1978).  It is clear that a "next friend" may not file a petition
9  for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition.
10 Wilson v. Lane, 870 F.2d 1250, 1253 (7th Cir. 1989), cert. denied, 495 U.S. 923 (1990).
11     Petitioner has not established any of the three prerequisites or provided any purported
12 explanation for his "next friend status."  Esteban's desire to litigate on behalf of his sister, Sylvia
13 Martinez, in and of itself, is not sufficient.
14     Accordingly, it is HEREBY RECOMMENDED that Petitioner's request for next friend
15 status is DENIED and the instant petition should be DISMISSED for lack of standing.  See
16 Whitmore, 495 U.S. at 163-164; see also 28 U.S.C. § 2242 (An "[a]pplication for a writ of
17 habeas corpus shall be in writing signed and verified by the person for whose relief it is intended
18 or by someone acting in his behalf.").
19     This Findings and Recommendation is submitted to the assigned United States District
20 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
21 the Local Rules of Practice for the United States District Court, Eastern District of California.
22 Within thirty (30) days after being served with a copy, any party may file written objections with
23 the court and serve a copy on all parties.  Such a document should be captioned "Objections to
24 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
25 and filed within ten (10) court days (plus three days if served by mail) after service of the
26 ///
27 ///
28 ///

1  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
2  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
3  may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
4  Cir. 1991).

    IT IS SO ORDERED.

    Dated:   **February 13, 2009**               **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE